**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AYUSH THAKUR,<br><br>    Petitioner,<br><br>  v.<br><br>LUIS SOTO, et al.,<br><br>    Respondents. | Civil Action No. 25-17269 (MAS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

  This matter comes before the Court on the habeas petition filed by Petitioner Ayush Thakur pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Following an order to answer, the Government responded to the petition. (ECF No. 5.) Petitioner thereafter filed a reply. (ECF No. 6.) For the following reasons, Petitioner's habeas petition shall be granted, and the Government shall afford Petitioner with a bond hearing as required by 8 U.S.C. § 1226(a) within seven days.

  By way of background, Petitioner is a native and citizen of India who entered the United States without admission or inspection in October 2024. (ECF No. 5-1 at 3.) Petitioner was taken into custody at that time by immigration officials, charged with being removable as an alien who had illegally entered the United States, and released on his own recognizance pending immigration proceedings. (ECF No. 5-2.) Petitioner was informed by the Government at the time of his release, however, that he was potentially subject to detention under 8 U.S.C. § 1226(a). (ECF No. 5-3 at 1.) On November 7, 2025, Petitioner was taken into custody by immigration officials and detained without a bond hearing purportedly under 8 U.S.C. § 1225(b) pursuant to a Government policy

which interprets that statute to apply to all aliens present within the United States who were not admitted by immigration officials. (ECF No. 5-5.)

Since the Government's adoption of its current interpretation of § 1225(b), the courts in this district have uniformly found that the plain text of that statute does not apply to aliens who were apprehended after entering the United States without inspection. *See, e.g., Aguilar Ramos v. Soto*, No. 25-15315, 2025 WL 3251447 (D.N.J. Nov. 21, 2025); *Bethancourt Soto v. Soto*, No. 25-16200, 2025 WL 2976572, at *6-7 (D.N.J. Oct. 22, 2025) (collecting cases). As this Court explained in *Aguilar Ramos*, the Government instead has authority to detain such aliens, including Petitioner, only pursuant to 8 U.S.C. § 1226(a), under which detainees are entitled to a bond hearing in which they can secure release by showing by a preponderance of the evidence that they are neither a danger nor a flight risk. *Aguilar Ramos*, 2025 WL 3251447, at *1; *See also Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018). Because the Government admits that this matter is indistinguishable from *Aguilar Ramos*, and as Petitioner is clearly not subject to detention under § 1225(b), this Court finds that his detention instead arises under § 1226(a) and that he is entitled to a bond hearing in accordance with the statute.

Petitioner's habeas petition (ECF No. 1) shall therefore be granted, and the Government shall provide Petitioner with a statutorily proper bond hearing under 8 U.S.C. § 1226(a) before an immigration judge within seven days. An order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: December 12th, 2025